IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HOLLY SMITH BLACKETT,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:24-2259-CDA |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \*

## MEMORANDUM OPINION

THIS MATTER is before the Court on UNUM Life Insurance Company of America's (UNUM's) Partial Motion to Dismiss Count II of the Complaint for failure to state a claim. (ECF 8.) The parties have briefed the matter, and it is ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the Court grants the Motion and dismisses Count II without prejudice.

### I.  FACTUAL BACKGROUND

The following facts are derived from the Complaint ("Compl."), ECF 1. and, if well-pleaded, accepted as true for the purpose of deciding the Partial Motion to Dismiss. *See, e.g.*, *Evans v. United States*, 105 F.4th 606, 615 (4th Cir. 2024). The claims in this case arise from UNUM's denial of a claim for Long Term Disability benefits.

#### A. Ms. Smith Blackett's employment and injury

In September 2020, Plaintiff Holly Smith Blackett began working as a Communications and Digital Media Specialist for Prince George's County Association of Realtors. Compl. at ¶ 5. Her position involves written and verbal communication,

managing projects that include digital media communications, and collaboration with others in creating those communications. *Id.*, at ¶ 14. Prince George's County Association of Realtors provided Ms. Smith Blackett with disability income coverage through the employer's group policy issued by UNUM. *Id.*, at ¶ 6. These disability benefits arise from an employee welfare benefit plan ("the Plan"), as defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"), that provides for Long Term Disability benefits. *Id.*, at ¶¶ 7-8. The Plan defined "disability" or "disabled" as follows:

> You are disabled when Unum determines that:
>
> - You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
> - You have a 20% or more loss of your indexed monthly earnings due to the same sickness or injury.

*Id.*, at ¶ 9.

Since June 10, 2021, Ms. Smith Blackett has suffered ongoing symptoms from post-concussion syndrome and migraines sustained from a motor vehicle accident on January 20, 2021. *Id.*, at ¶ 11. She receives treatment for these symptoms, and her treating physicians have not released her to resume work due to her disabling medical conditions since June 10, 2021. *Id.*, at ¶¶ 10-11. UNUM approved and paid Ms. Smith Blackett for Short Term Disability benefits through September 7, 2021, and approved her for Long Term Disability benefits beginning on September 8, 2021. *Id.*, at ¶ 12.

### B. *UNUM's Initial Review of Ms. Smith Blackett's Claim*

In considering Ms. Smith Blackett's Long Term Disability claim, UNUM hired several medical doctors to review her file: Ms. Jaishankar, Bachelor of Medicine, Bachelor of Surgery ("MBBS"); Dr. Kouros, Doctor of Osteopathic Medicine ("DO"); and

Dr. Winkel, DO. *Id.*, at ¶¶ 16, 21, 24. Ms. Jaishankar submitted her first review on August 23, 2022. *Id.*, at 16. The Complaint asserts that Ms. Jaishankar "is not a licensed physician" and "ignored key medical evidence" in concluding that Plaintiff "has the functional capacity to perform primarily seated sedentary occupational demands." *Id.*, at ¶¶ 16-17.

Ms. Jaishankar's second review of the file, on November 3, 2022, found it "'unclear' whether Ms. Smith Blackett is precluded from performing occupational demands." *Id.*, at ¶¶ 18-19. The Complaint asserts that Ms. Jaishankar again ignored critical evidence, including attending physicians' opinions that significant cognitive deficits" persisted. *Id.*, at ¶ 18. Upon her third review of Plaintiff's file, on December 14, 2022, Ms. Jaishankar found that Ms. Smith Blackett's "medical conditions do not prevent her from performing the demands of her occupation." *Id.*, at ¶ 20.

Dr. Kouros first reviewed Plaintiff's file on January 20, 2023, and reached the same conclusion as Ms. Jaishankar. *Id.*, at ¶ 21. Ms. Smith Blackett contends that Dr. Kouros, "a family physician and not a neurologist," could not properly speak to her ability to return to work. *Id.*, at ¶ 22. She also notes that Dr. Kouros' findings contradicted those of her treating medical providers and that he failed to properly assess her "cognitive impairment concerns" in light of post-concussion syndrome and migraines. *Id.*, at ¶ 23.

Dr. Winkel, after receiving Dr. Kouros' reports, "concurred with Dr. Kouros' findings" in a January 24, 2024 report. *Id.*, at ¶ 24. Dr. Winkel stated that Ms. Smith Blackett "did not report symptoms until February 2021." Plaintiff contends that this clearly suggests" that her "symptoms worsened over time, ultimately preventing her from working beginning in June 2021." *Id.* She argues that Dr. Winkel, too, "dismissed

3

critical evidence" and contradicted the treating physicians. *Id.* at ¶¶ 24-25

Dr. Kouros authored two more reports, on February 10, 2023 and February 22, 2023, that erred in determining Ms. Smith Blackett could perform her normal work duties. *Id.*, at ¶ 26. Plaintiff alleges that these conclusions again contradicted those of her treating medical providers, including Dr. Chae, MD. [1] *Id.*, at ¶ 27. On On February 28, 2023, Dr. Winkel "concurred with Dr. Kouros' most recent conclusions[,]" and, according to the Complaint, "fully ignored" Dr. Chae's opinion from four days prior. *Id.*, at ¶ 28.

UNUM initially denied Ms. Smith Blackett's claim for Long Term Disability benefits on March 6, 2023. *Id.*, at ¶ 13. She alleges that UNUM failed to properly analyze the material and substantial duties of her regular occupation. *Id.*, at ¶ 15. Moreover, she asserts that "[t]he administrative claim file is devoid of any evidence that Ms. Jaishankar, Dr. Kourous, or Dr. Winkel have any relevant experience or training regarding Post-Concussion Syndrome, Migraines or neurological and cognitive disorders more broadly," in contravention of 29 C.F.R. § 2560.503-1(h)(3)(iii) and (h)(4). *Id.*, at ¶ 30.

### C. *UNUM's Review of Ms. Smith Blackett's Appeal*

On August 31, 2023, Ms. Smith Blackett filed a timely appeal of UNUM's March 6, 2023 decision.[2] Compl., at ¶ 31. She submitted various medical evaluations and

---

[1] Plaintiff states in her complaint that on December 8, 2022, Dr. Chae did not clear her to return to work, and on February 16, 2023, Dr. Chae did not recommend her return to work because she could not perform the demands of her job on a full-time basis. Compl., at ¶ 27.

[2] Plaintiff initially requested a thirty-day extension to file her appeal. Compl., at ¶ 31.

clinical records. *See id.*, at ¶¶ 32-35, 37. For example, in a June 29, 2023, neuropsychological evaluation, Dr. Sullivan, PhD, noted that Ms. Smith Blackett's symptoms "have made it impossible for her to perform the material and substantial duties of her regular occupation." *Id.*, at ¶ 32. On August 22, 2023, Dr. Zorowitz, MD, concurred with Dr. Sullivan's findings that she is unable to perform "the duties of her regular or any occupation." *Id.* Ms. Smith Blackett's clinical records from May 5, 2023 note complaints of "fatigue, photophobia, phonophobia, word-finding deficits, memory/concentration deficits, insomnia anxiety, depression, irritability, and poor frustration tolerance." *Id.*, at ¶ 33.

Clinical records from Dr. Chae and Dr. Gustafson, DO, included treatment notes stating that "[m]ental and cognitive exertion trigger Ms. Smith Blackett's symptoms and for this reason she is not able to work." *Id.*, at ¶ 34. Ms. Smith Blackett contends that a September 30, 2022 evaluation by Dr. Kaiser, PhD, supports her "diagnoses of Neurocognitive Disorder with processing speed deficits secondary to TBI, Adjustment Disorder with anxiety, Probable post concussive syndrome with hypersensitivity to lights and overstimulation, and 'chronic headaches by report.'" *Id.*, at ¶ 35. On October 25, 2023, Plaintiff's counsel provided UNUM with an additional office note from Dr. Zorowitz, reiterating that Ms. Smith Blackett "cannot work, that he was increasing her medication to address worsening symptoms and referring her to Mark Schlosberg, MD, a physician who could more directly address her sleep deficits." *Id.*, at ¶ 37. The Complaint avers that her total earnings of $4,057 in 2022 and $1,427 in 2023 reflect that "any work she has attempted to perform has been minimal and does not satisfy the definition of Ms. Smith Blackett's regular occupation under UNUM policy." *Id.*, at ¶ 36.

On October 10, 2023, UNUM notified Ms. Smith Blackett that it considered "new

information and/or rationale developed on appeal that appeared to support its prior denial decision." *Id.*, at ¶ 38. UNUM hired Dr. Spica, PhD, and Dr. Kohan, DO, to review the medical evidence submitted on appeal. *Id.*, at ¶¶ 39, 41. Dr. Spica dismissed Dr. Sullivan's neuropsychological evaluation, and Dr. Kohan concurred with Dr. Spica's conclusions. *Id.* According to Ms. Smith Blackett, Dr. Spica's findings contradicted those of her treating medical providers and Dr. Kohan "cherry-picked information from Ms. Smith Blackett's clinical records." *Id.*, at ¶¶ 40-41.

On November 9, 2023, Ms. Smith Blackett timely responded to UNUM and submitted Dr. Sullivan's November 7, 2023 response to UNUM. *Id.*, at ¶ 42. Dr. Sullivan reiterated that Ms. Smith Blackett "remains disabled under UNUM's definition of disability and stat[ed] that she meets the criteria for 'Mild Neurocognitive Disorder due to a mild traumatic brain injury.'" *Id.* In a November 16, 2023 letter, UNUM enclosed Dr. Spica's response to Dr. Sullivan's additional report; Dr. Spica found Dr. Sullivan's report and findings "devoid of additional evidence to show the prevalence of cognitive disorder or behavioral health impairment." *Id.*, at ¶ 43. On December 1, 2023, Plaintiff's counsel filed a response to Dr. Spica's latest opinion, providing additional clinical evidence of a November 22, 2023 initial examination by Speech and Language Pathologist Ms. Wathen, M.S. CCC-SLP. *Id.*, at ¶ 44. Ms. Wathen concluded that Ms. Smith Blackett had a "mild-moderate cognitive impairment" and stated "[s]uspect performance not consistent with premorbid abilities based on patient's job responsibilities and demands." *Id.*, at ¶¶ 44-45.

On December 20, 2023, Plaintiff's counsel submitted additional evidence of a report by Dr. Miller, MD, stating that Ms. Smith Blackett had "underlying obstructive sleep apnea syndrome." *Id.*, at ¶ 46. Plaintiff's counsel included additional clinical

6

evidence from Dr. Schlosberg and Dr. Motamedi, MD, in which Dr. Schlosberg opined that Ms. Smith Blackett "may have developed primary hypersomnia from the [January 20, 2021 motor vehicle] accident," and Dr. Motamedi confirmed her "challenges with significant hypersomnolence and moderate obstructive sleep apnea syndrome." *Id.*, at ¶ 47.

That same day, on December 20, 2023, UNUM denied Ms. Smith Blackett's claim for Long Term Disability benefits. *Id.*, at ¶ 48. UNUM received Plaintiff's counsel's December 20, 2023, submission of additional evidence after issuing its denial. *Id.* UNUM issued its final denial on January 4, 2024. *Id.* Ms. Smith Blackett alleges that since March 1, 2023, UNUM "has failed and refused to provide Ms. Smith Blackett benefits under the Plan." *Id.*, at ¶ 49.

### D. *The pending cause of action and Partial Motion to Dismiss*

Ms. Smith Blackett commenced this civil suit on August 4, 2024, asserting three causes of action against Defendant: (1) failure to provide Long Term Disability benefits under ERISA; (2) failure to provide a full and fair review as required by 29 U.S.C. § 1133, in violation of ERISA; and (3) failure to provide Life Insurance Benefit coverage under ERISA. Compl., at 9-12. Based on all of the above, Ms. Smith Blackett alleges that as a participant in an ERISA Plan, she was entitled to a full and fair review of her claim for benefits. *Id.*, at ¶ 50. A full and fair review required UNUM "to fully consider all evidence submitted and Ms. Smith Blackett was entitled to receive written notice setting forth the complete basis for the denial of benefits, what evidence would be necessary to perfect the claim, and an opportunity to rebut the reasons for denial." *Id.* She avers that she submitted disability evidence to UNUM and complied with the terms of the Plan and ERISA; however, UNUM has violated these terms. *Id.*, at ¶ 51. She also insists

7

that UNUM failed to provide the benefits payable under the Plan and failed to provide a full and fair review of her claim as required by ERISA. *Id.*

Ms. Smith Blackett exhausted of her administrative remedies. *Id.*, at ¶ 52. She also maintains that, at all relevant times, "UNUM acted under a conflict of interest" in denying her claim for Long Term Disability benefits. *Id.*, at ¶ 54. Therefore, she contends, UNUM's final decision should not receive deference. *Id.*

Relevant to Count II, Ms. Smith Blackett alleges that the disability insurance provided by Prince George's County Association of Realtors is part of an employee welfare benefit plan, as defined in 29 U.S.C. § 1002(1). *Id.*, at ¶ 68. She asserts she was a plan participant, within the meaning of 29 U.S.C. § 1002(7), and eligible to receive benefits from the employee welfare benefit plan established and maintained by Prince George's County Association of Realtors. *Id.*, at ¶ 70.

Ms. Smith Blackett asserts that UNUM is a fiduciary with respect to the Plan, within the meaning of 29 U.S.C. § 1002(21), and failed to provide a full and fair review as required by 29 U.S.C. § 1133, in violation of ERISA. Compl., at ¶¶ 69, 72. According to UNUM, because the Complaint does not identify the person designated as the plan administrator under the Plan, the plan administrator is the plan sponsor, employer Prince George's County Association of Realtors. Def.'s Mot. to Dismiss ("Def.'s MTD"), ECF 8-1, at 2 (citing 29 U.S.C. §§ 1002(2)(16)(A), (B)). Plaintiff maintains that she "is disabled and is entitled to continuing disability benefits under the terms of the Plan." *Id.*, at ¶ 71.

Now pending before the Court is Defendant's Partial Motion to Dismiss as to Count II: failure to provide a full and fair review as required by 29 U.S.C. § 1133, in violation of ERISA. ECF 8.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding on a motion to dismiss, courts "accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (noting that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief").  "The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'y's Off.*, 767 F.3d 379, 396 (4th Cir. 2014).  Courts may consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

## III.   ANALYSIS

UNUM moves to dismiss Count II of the Complaint for failure to state a claim

upon which relief can be granted. Def.'s MTD, at 1. It advances two main arguments in support of its Motion: (1) a claim under 29 U.S.C. § 1133 fails because no private enforcement of that statute exists; and (2) Smith Blackett cannot state a claim under ERISA 29 U.S.C. § 1132 for a violation of ERISA 29 U.S.C. § 1133. *Id.*, at 2-3. Smith Blackett argues that the Motion should be denied. Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s MTD Opp'n"), ECF 9-1, at 6. Noting that Count II is based upon 29 U.S.C. § 1133, she maintains that "29 CFR § 2560.503-1(h)(2) also requires that plan participants, beneficiaries, or fiduciaries be provided with a 'full and fair review' of ERISA claims." Pl.'s MTD Opp'n, at 2. Smith Blackett further contends that the applicable regulations permit her to obtain relief pursuant to Section 502(a) based on a failure to provide a reasonable claims procedure. *Id.*

For the reasons stated below, the Court grants UNUM's Partial Motion to Dismiss Count II for failure to state a claim and dismisses Count II without prejudice.

### A. *There is no private right of action under 29 U.S.C. § 1133.*

As an initial matter, Ms. Smith Blackett confirms that Count II is based upon 29 U.S.C. § 1133. Pl.'s MTD Opp'n, at 2. But she does not address UNUM's argument that 29 U.S.C. § 1133 does not provide for a private right of action. In failing to respond, she concedes the issue. *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument[,] Plaintiff concedes the point."); *McRae v. Westcor Land Title Ins.*, No. 16-2332-RWT, 2017 WL 1239682, at *3 (D. Md. Mar. 17, 2017)) (determining that where plaintiff ignored defendant's argument and failed to address the issue whatsoever, plaintiff conceded the point); *cf. Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (finding plaintiff abandoned her claim by failing to address that claim in her response to motion to

dismiss for failure to state a claim)).

Even if she had responded to UNUM's argument, Count II would still fail. Section 1133, which Ms. Smith Blackett cites as the basis of Court II, states, in part, "[i]n accordance with regulations of the Secretary, every employee benefit plan shall . . . ." There is no language in the statute establishing or even suggesting a private right to bring a civil enforcement action. Authority from this circuit confirms that Section 1133 does not provide private litigants an enforcement mechanism in this manner. *See Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 239-41 (4th Cir. 2008) (holding that claim under 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h) for procedural ERISA violation could not create substantive remedy), *cert. denied*, 556 U.S. 1268 (2009); *Koman v. Reliance Standard Life Ins. Co. and Unifi, Inc.*, No. 22-595, 2022 WL 17607056, at *5 (M.D.N.C. Dec. 13, 2022) (dismissing claim for breach of compliance with claims procedures under ERISA on the grounds that neither 29 U.S.C. § 1133 nor 29 C.F.R. § 2560.503-1 authorize a private cause of action)).

The same is true outside the Fourth Circuit. *See Stolte v. Securian Life Ins. Co.*, 621 F. Supp. 3d 1034, 1048 (N.D. Cal. 2022) (holding that 29 U.S.C. § 1133 does not create a separate private right of action); *Advanced Orthopedics and Sports Med. Inst. on Behalf of MS v. Anthem Blue Cross Life and Health Ins. Co.*, No. 20-13243 (FLW), 2022 WL 13477952, at *12-13 (D.N.J. Oct. 21, 2022) (dismissing claim for denial of full and fair review "because it is not an independent cause of action"); *Shah v. Blue Cross Blue Shield of Alabama*, No. 17-700 (JBS/JS), 2017 WL 4182043, at *2 (D.N.J. Sept. 21, 2017) (dismissing claim alleging plan administrator failed to have reasonable claims procedures required by 29 U.S.C. § 1133 and 29 C.F.R. § 2569.503-1 on the grounds that neither "establish[es] a private right of action for failure to comply with the regulatory

11

disclosure requirements"); *Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, No. 2:13-CV-03057 (JLL)(JAD), 2013 WL 5780815, at *9-10 (D.N.J. Oct. 25, 2013) (dismissing, with prejudice, claim for failure to provide a full and fair review because "29 U.S.C. § 1133 does not confer a private right of action"); *Nahoun v. Employees' Pension Plan of Credit Suisse First Boston*, No. 04-9221 (LAK), 2005 WL 1476453, at *2 n.11 (S.D.N.Y. June 22, 2005) (noting that 29 U.S.C. § 1133 "does not create a private right of action"); *Blakely v. WSMW Indus., Inc.*, No. 02-1631-SLR, 2004 WL 1739717, at *10 (D. Del. July 20, 2004) (stating that breach of fiduciary claim under 29 U.S.C. § 1133 "does not create a private right of action")).

Therefore, Count II must be dismissed because 29 U.S.C. § 1133 does not provide a private right of action.

### B. *Plaintiff cannot pursue a breach of fiduciary duty claim on behalf of herself pursuant to 29 U.S.C. § 1132.*

UNUM contends that Ms. Smith Blackett also concedes this second issue by failing to address UNUM's argument that she cannot state a claim pursuant to Section 502 of ERISA for a violation of Section 503. Defendant's Reply ("Def.'s Reply"), ECF 10, at 5; *see also* Def.'s MTD, at 3-4. While her Opposition focuses on her claim that UNUM breached its fiduciary duty, Smith Blackett does not address this specific argument from UNUM. *See* Pl.'s MTD Opp'n, at 2-5. That aside, UNUM is correct on the merits of its argument.

Count II states, in part, that "Defendant violated ERISA by failing to provide the full and fair review . . . as required by 29 U.S.C. § 1133." Compl., at ¶ 72. Smith Blackett's Opposition appears to attempt to repackage her individual claim for benefits as a breach of fiduciary duty claim that is not cognizable as pleaded in the Complaint.

*See Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). As UNUM correctly asserts, the complaint does not "seek to recover on behalf of the *plan* under which the policy was issued." Def.'s Reply, at 6 (emphasis in original). UNUM contends that the claim for breach of fiduciary duty "is not viable under ERISA § 502(a)(2) because it specifically 'allow[s] for a derivative action to be brought . . . *on behalf of the plan* to obtain recovery for losses sustained by the plan because of breaches of fiduciary duties.'" *Id.* (citing *In re Mutual Funds Inv. Litig.*, 529 F.3d 207, 210 (4th Cir. 2008) (emphasis and brackets in original)). But Count II seeks relief for Plaintiff's personal benefit rather than the benefit of the welfare plan as a whole. *Id.*

Section 502, codified at 29 U.S.C. § 1132, contains ERISA's civil enforcement provisions. As the Fourth Circuit has explained, a plan participant may bring a civil action under Section 502(a)(2) to recover losses to the plan caused by a breach of a fiduciary duty. *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 494 (4th Cir. 2023). Any recovery, however, issues to the plan, not the individual beneficiary. *Rose*, 80 F.4th at 494. For a plan participant to recover directly, the participant must bring suit under Section 502(a)(1)(B) to recover benefits due or enforce rights under the plan, or under Section 502(a)(3), the "catch all provision" that provides for injunctive or other equitable relief. *Id.* The "catch all provision," however, is available only to redress violations that do not otherwise have an adequate remedy available under in Section 502. *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106-07 (4th Cir. 2006) (holding that a breach of fiduciary duty claim brought under Section 502(a)(3) could not lie because plaintiff had an adequate remedy for her denial of benefits claim under Section

502(a)(1)(B)).  Otherwise, allowing such breach of fiduciary claims under Section 502(a)(3) "would permit ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected." *Id.* at 107 (quoting *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-616 (6th Cir. 1998) (collecting cases)).

The substance of the allegations betray that this is a claim for benefits, regardless of the label Smith Blackett attaches through her arguments. "[C]ourts in this Circuit do not permit the repackaging of an individual benefits claim under Section 502(a)(1)(B) as a breach of fiduciary duty claim under Section 502(a)(3)." *Faren v. ZeniMax Online Studios, LLC*, No. 23-1270-EA, 2024 WL 1374778, at *8 (D. Md. Mar. 29, 2024) (citing *Estate of Spinner v. Anthem Health Plans of VA*, 589 F. Supp. 2d 738, 745 (W.D. Va. 2008), *aff'd sub nom.*, 388 F. App'x. 275 (4th Cir. 2010) ("Courts have repeatedly dismissed § 502(a)(2) claims used by plaintiffs as a means to recover individual benefits allegedly owed to individual participants or beneficiaries.") (collecting cases)). Therefore, "that a claim for breach of fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA." *Alford v. NFL Player Disability & Survivor Benefit Plan*, No. 23- 00358-JRR, 2024 WL 1214000, at *16 (D. Md. Mar. 20, 2024), *amended on reconsideration in part*, No. 23- 00358-JRR, 2024 WL 4892573 (D. Md. Apr. 23, 2024) (quoting *Smith v. Sydnor*, 184 F.3d 356, 362 (4th Cir. 1999); *see also Faren*, 2024 WL 1374778, at *4.  The allegations make clear that Count II both (1) requires interpretation and application of the plan and (2) seeks individualized remedies, including that Plaintiff "is entitled to continuing disability benefits under the terms of the Plan and any modifications thereof." Compl., at ¶ 71; *see*

*id.*, Prayer for Relief, ¶¶ A, B (demanding relief against Defendant in the form of Long Term Disability payments; continued payment of monthly benefits; awarded Long Term Disability benefits as provided under the policy and pre-judgment interest). The Court lacks any doubt that, notwithstanding her repackaging, the crux of Count II is the assertion that UNUM improperly denied Long Term Disability benefits. *See Korotynska*, 474 F.3d at 105-06 (holding that breach of fiduciary duty was denial of benefits claim, in part, because "the only injury of which she complains is the termination of benefits and the resulting financial harm to her"). As such, Smith Blackett cannot seek individual compensation for her denial of benefits under the guise of a breach of fiduciary duty claim. *See Chavis v. Plumbers & Steamfitters Loc. 486 Pension Plan*, No. 17-2729-ELH, 2018 WL 4052182, at *12 (D. Md. Aug. 23, 2018) ("The law is clear that a plaintiff may not simply claim denial of benefits under § 502(a)(1)(B), then 'repackage' that claim as one for breach of fiduciary duty under § 502(a)(3)"); *Wozniak v. S.T.A. of Baltimore--I.L.A. Container Royalty Fund*, No. 12-1540-GLR, 2012 WL 5388845, at *4 (D. Md. Oct. 31, 2012) (dismissing breach of fiduciary claim because "[t]he Fourth Circuit has expressly rejected a denial of benefits claim being 'repackaged' as a breach of fiduciary duty claim").

Moreover, to the extent that Count II seeks to remedy the same injury as her claim for benefits in Count I, the allegedly wrongful denial of her Long Term Disability benefits, this fails as a matter of law. *See, e.g., Juric v. USALCO, LLC*, 659 F. Supp. 3d 619, 629 (D. Md. 2023) (holding that, to the extent a breach of fiduciary duty claim seeks to remedy the same injury as a claim for benefits, it fails).

In sum, Count II fails as a breach of fiduciary duty claim under 29 U.S.C. § 1132 because it seeks individual relief rather than relief on behalf of the plan.

15

### *C. Count II fails to state a viable claim for equitable relief within Section 502(a)(3) of ERISA.*

Smith Blackett argues that she "is entitled to equitable relief to address the harm caused by UNUM's breach of its [fiduciary] duty." Pl.'s MTD Opp'n, at 2. She asserts that the Complaint requests "[s]uch other and further relief as this Court deems just and appropriate." *Id.*, at 2-3; *see* Compl., Prayer for Relief, ¶ E. UNUM counters that the Complaint "provides no details as to any equitable relief sought and, in fact, seeks no form of equitable relief whatsoever." Def.'s Reply, at 9-10. The Court agrees.

ERISA Section 502(a)(3) creates a "catchall" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). "To establish a violation of § 502(a)(3), a plaintiff must show that there was a violation of an ERISA provision, and the relief sought constitutes 'appropriate equitable relief.'" *Chavis*, 2018 WL 4052182, at *8 (citing *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 363-64 (4th Cir. 2015)). A plaintiff may obtain relief under Section 502(a)(3) "only if a plaintiff's relief under ERISA's other remedial provisions would otherwise be inadequate." *Id.* (citing *Korotynska*, 474 F.3d at 105, and *Varity*, 516 U.S. at 512); *see Rose*, 80 F.4th at 494 (noting that if § 502(a)(1)(B) "doesn't provide the beneficiary with the relief that she seeks, then she can resort to § 502(a)(3), the enforcement scheme's catchall provision, which allows a beneficiary to sue to enjoin any act or practice which violates [ERISA] or the terms of the plan, or to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce [ERISA] or the terms of the plan") (citation omitted).

Generally, a plaintiff invokes Section 502(a)(3) where she is "concededly not

16

entitled to relief under the plain language of the plan (and thus § 502(a)(1)(B) would be of no use), but nevertheless deserves an equitable remedy because (for example) the defendant misled the plaintiff into thinking the plan was more generous than it in fact was." *Suchin v. Fresenius Med. Care Holdings, Inc.*, 715 F. Supp. 3d 703, 713 (D. Md. 2024). Once again, "[t]he law is clear that a plaintiff may not simply claim denial of benefits under § 502(a)(1)(B), then 'repackage' that claim as one for breach of fiduciary duty under § 502(a)(3)." *Chavis*, 2018 WL 4052182, at *12 (citing *Varity*, 516 U.S. at 513-15).

Smith Blackett attempts to overcome this hurdle in multiple ways. First, she suggests that because the Complaint requests "[s]uch other and further relief as this Court deems just and appropriate[,]" this permits her pursuit of equitable relief. Pl.'s MTD Opp'n, at 2-3; *see* Compl., Prayer for Relief, ¶ E. Second, she insists that the Court may provide "various forms of equitable relief" upon finding, at summary judgment or trial, that UNUM violated its fiduciary duty. Pl.'s MTD Opp'n, at 5. She suggests the availability of remedies distinct from the benefits, fees, and costs provided by Section 502(a)(1)(B), including that the Court could apply a de novo standard of review, strike the offending medical reports from the record, or open discovery beyond the scope normally permitted in ERISA benefit cases. *Id.*, at 5-6.

The Court is not persuaded by her arguments. The Complaint does not allege that she is entitled to injunctive or equitable relief under ERISA § 502(a)(3), and both Count I and Count II seek the legal remedy of benefits payment in accordance with the Plan. *Compare* Compl., at ¶ 59 (stating that Plaintiff "has a disability . . . and is entitled to continuing benefits under the terms of the Plan . . . .") *with* ¶ 71 (stating that Plaintiff "is disabled and is entitled to continuing disability benefits under the terms of the

17

Plan . . . ."). Despite the Opposition's assertions that equitable relief is available, the Complaint makes no such demand.³ The courts have long recognized that "parties cannot amend their complaints through briefing or oral advocacy." *Southern Walk at Broadlands Homeowners Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013); *see also Jordan v. MEBA Pension Trust*, No. 20-3649-ELH, 2021 WL 4148460, at *6 (D. Md. Sept. 10, 2021) ("A plaintiff may not cure a defect in a complaint, or otherwise amend a complaint, by way of an opposition to a Rule 12(b)(6) motion."). In short, her arguments cannot provide allegations of equitable relief under ERISA § 502(a)(3) where none exist.

Even if the Complaint sought equitable relief, Count II still fails. Section 502(a)(1)(B) provides for adequate relief in the form of payment of disability benefits. *See Suchin*, 715 F. Supp. 3d at 713 ("§ 502(a)(1)(B)[] allows participants to obtain the benefits to which they are entitled under the terms of the plan."); *see also Korotynska*, 474 F.3d at 102 ("Individualized equitable relief under § 1132(a)(3) is normally appropriate only for injuries that do not find adequate redress in ERISA's other provisions.") (internal citation omitted); *id.* at 102-03 (Where "adequate relief is available for the plaintiff's injury through review of [his] individual benefits claim under § 1132(a)(1)(B), relief under § 1132(a)(3) will not lie.").

---

[3] Plaintiff contends that several cases support her assertion of entitlement to equitable relief. Pl.'s MTD Opp'n, at 5-6. The Court finds these unpersuasive. Some did not involve claims for equitable relief. *See Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956 (C.D. Cal. 2005); *Neiheisel v. AK Steel Corp.*, No. 103 CV 868, 2005 WL 1077593 (S.D. Ohio Feb. 17, 2005). Others did not address claims for breach of fiduciary duty under ERISA § 502(a)(2) or equitable relief under ERISA § 502(a)(3). *Friedrich v. Intel Corp.*, 181 F.3d 1105 (9th Cir. 1999); *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514 (6th Cir. 1998); *Lemaire v. Hartford Life & Acc. Ins. Co.*, 69 F. App'x 88 (3d Cir. 2003).

Therefore, Count II also fails because it does not seek equitable relief and, even if it did, adequate relief is available through Section 502(a)(1)(B).

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS UNUM's Partial Motion to Dismiss Count II for failure to state a claim upon which relief can be granted. Count II is dismissed without prejudice.[4]

Date: September 30, 2025



/s/
Charles D. Austin
United States Magistrate Judge

---

[4] On the last page of her Opposition, Smith Blackett seeks leave to re-plead the allegations in Count II. Pl.'s MTD Opp'n, at 6. She does not specify what she seeks to amend, submit a proposed amended complaint, or even assert a formal motion to amend. UNUM does not respond to this specific request, although its briefs seek dismissal with prejudice. Federal Rule of Civil Procedure Rule 15(a)(1)(B) permits a party to amend a pleading once "as a matter of course," without leave of the court or the consent of any opposing party, within 21 days of service of a Rule 12 motion. Rule 15(a)(2) instructs that courts should "freely" grant leave to amend "when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011); *see also Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (noting that denial of leave is appropriate if an amendment prejudices the opposing party, is sought in bad faith, or futile).

The Court notes that moving to amend is relatively easy. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 n.9 (4th Cir. 2005) ("Filing a motion for leave to amend is not difficult[.]"). The Court is unaware of a Fourth Circuit decision declaring that a request for leave to file an amended complaint imbedded within a timely opposition memorandum is improperly raised. At least one circuit finds this approach—imbedding the request in an opposition—improper. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009). Nonetheless, the Court declines to formally grant or deny leave without a formal motion or an indication of the potential amendments. While it does not see any prejudice or bad faith, the Court is unable to determine whether such amendment would be futile in light of the law set forth above. Counsel is free to file and proceed in accordance with Rule 15.

19